IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| HERSCHEL G.,[1] ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 7:18-cv-00266 |
| ) | |
| ANDREW SAUL, Commissioner, Social ) | By: Elizabeth K. Dillon |
| Security Administration,[2] ) | United States District Judge |
| ) | |
| Defendant. ) | |
| ) | |

**MEMORANDUM OPINION**

Plaintiff Herschel G. brought this action for review of the final decision made by defendant, Commissioner of the Social Security Administration (Commissioner), finding him not disabled and therefore denying his claim for disability insurance benefits (DIB) under the Social Security Act. The defendant moved for summary judgment, and pursuant to 28 U.S.C. § 636(b)(1)(B), the court referred the motion to U.S. Magistrate Judge Robert S. Ballou for a report and recommendation (R&R). On August 26, 2019, the magistrate judge issued his R&R, finding that substantial evidence supported the Commissioner's decision. (R&R, Dkt. No. 15.) Herschel filed a timely objection on September 9, 2019. (Pl. Obj., Dkt. No. 16.)

After de novo review of the pertinent portions of the record, the report, and the filings by the parties, in conjunction with the applicable law, the court agrees with the magistrate judge's

---

[1] Due to privacy concerns, the court is adopting the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States that courts only use the first name and last initial of the claimant in social security opinions.

[2] On June 17, 2019, Andrew Saul was sworn in as the new Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, he is automatically substituted as the proper defendant.

1

recommendation. Accordingly, the court will grant the Commissioner's motion for summary judgment and affirm the Commissioner's decision.

## I. BACKGROUND

The court adopts the recitation of facts and procedural background as set forth in the report. (R&R 2–6.)

## II. DISCUSSION

### A. Standard of Review

This court's review of the administrative law judge's (ALJ) underlying decision is limited. Specifically, "[a] district court's primary function in reviewing an administrative finding of no disability is to determine whether the ALJ's decision was supported by substantial evidence." *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). Substantial evidence does not require a "large or considerable amount of evidence," *Pierce v. Underwood*, 487 U.S. 552, 564–65 (1988); rather, it requires "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). This is "more than a mere scintilla of evidence [and] somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

Where, as here, a matter has been referred to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1), this court reviews de novo the portions of the report to which a timely objection has been made. Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."); *United States v. Raddatz*, 447 U.S. 667, 673–74 (1980) (finding that de novo review of the magistrate's report and recommendation comports with due process requirements).

For an objection to trigger de novo review, it must be made "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007). Further, objections must respond to a specific error in the report and recommendation. *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). General or conclusory objections, therefore, are not proper; they are in fact considered the equivalent of a waiver. *Id.* Likewise, an objection that merely repeats the arguments made in the briefs before the magistrate judge is a general objection and is treated as a failure to object. *Moon v. BWX Techs*, 742 F. Supp. 2d 827, 829 (W.D. Va. 2010). As other courts have recognized in the social security context, "[t]he Court may reject perfunctory or rehashed objections to R&Rs that amount to a second opportunity to present the arguments already considered by the Magistrate Judge." *Heffner v. Berryhill*, No. 2:16-cv-820, 2017 WL 3887155, at *3 (D.S.C. Sept. 6, 2017) (quoting *Felton v. Colvin*, No. 2:12-cv-558, 2014 WL 315773, at *7 (E.D. Va. Jan. 28, 2014)). Because "[t]he purpose of magistrate review is to conserve judicial resources," a "mere restatement of the arguments raised in the . . . filings does not constitute an 'objection' for the purposes of district court review." *Nichols v. Colvin*, 100 F. Supp. 3d 487, 497 (E.D. Va. 2015).

## B. Herschel G.'s Objections

In his brief to the magistrate judge, Herschel argued that the ALJ incorrectly weighed the opinion evidence of Dr. Bradley and DNP Ely, failed to explain fully how she applied the vocational expert's (VE) opinion, and failed to develop the record regarding her finding that Herschel's cervical and thoracic disc degeneration was not severe. (Pl. Br. 8–16, Dkt. No. 12.) Herschel's objections to the magistrate judge's recommendation largely focus on the same purported deficiencies and errors in the ALJ's decision, which the magistrate judge has already

3

considered. (*See, e.g.*, Pl. Obj. 1–3 (arguing that the ALJ failed to resolve a conflict between the VE's testimony and the *Dictionary of Occupational Titles* and failed to determine how many related jobs exist); Pl. Obj. 3–5 (finding error in the ALJ's consideration of Dr. Bradley's opinion as a treating physician); Pl. Obj. 5–6 (noting that the failure to give appropriate weigh to opinion evidence led to an error in the ALJ's conclusion that Herschel's cervical and thoracic disc degeneration are non-severe).) To the extent that Herschel's arguments are condensed versions of his original assertions and were considered by the magistrate judge, the court need not consider them de novo. Nonetheless, several of Herschel's claims deserve additional review and discussion.

1. **The magistrate judge appropriately considered potential conflicts with the VE's testimony and correctly found that the ALJ's decision was adequately supported**

Herschel has past relevant work as a biomedical technician, a job defined by the *Dictionary of Occupational Titles* (*DOT*). Although the *DOT* indicates that a biomedical technician position requires only a "light" exertional level (R. 22, Dkt. No. 9-1), Herschel objects to the ALJ's failure to resolve what he argues is an "apparent conflict" between the VE's testimony and the *DOT* regarding the actual exertional level required for such a job.[3] (Pl. Obj at 1.)

At Herschel's hearing, the VE testified that a hypothetical individual with Herschel's RFC restrictions would be able to return to his "past work as he actually performed it, or as it is customarily performed in the national economy." (R. 49.) She later clarified that Herschel could not to return to the job as he had performed it because he performed at a "heavy" exertional

---

[3] In actuality, he states that "[t]he Magistrate assumed that there was no conflict between the [*DOT*] and the VE's testimony." (Pl. Obj. 1–2.) However, the magistrate did not make such an assumption. Rather, he clearly considered the potential conflict and found that any such conflict was immaterial to the outcome of Herschel's case. (R&R 13.)

4

level. (*Id.* at 52.) In fact, the VE testified that in her extensive observation, she has never seen a biomedical technician job performed at the light level. (*Id.*) Herschel thus suggests that the VE's anecdotal statements create a conflict with the *DOT* that the ALJ must address. When asked about potential conflicts between her testimony and the *DOT*, however, the VE answered that "there are no direct conflicts although the *DOT* doesn't address extra breaks or unilateral manipulative restrictions. That information is based upon my professional experience." (*Id.* at 51.)

Citing to *Pearson v. Colvin*, 810 F.3d 204 (4th Cir. 2015), Herschel points out that an ALJ has an affirmative duty to explain and resolve conflicts between VE testimony and the *DOT*. He notes that an ALJ does not satisfy this duty "merely because the [vocational expert] responds 'yes' when asked if her testimony is consistent with the [*Dictionary*]." *Id.* at 208 (emphasis in original) (quoting *Moore v. Colvin*, 769 F.3d 987, 990 (8th Cir. 2014)). Thus, he asserts that the ALJ should have followed up on what he believes is an apparent conflict; otherwise, he reasons, the ALJ has not fully developed the record as required. (Pl. Obj. 2.)

However, as the magistrate judge noted in his R&R, "the ALJ should find the claimant not disabled if he can 'perform his past relevant work as he performed it in the past *or* as it is generally required by employers in the national economy.'" (R&R 13 (quoting *Pass v. Chater*, 65 F.3d 1200, 1207 (4th Cir. 1995)).) In the VE's experience, biomedical technicians perform "heavy" work. But, the VE's professional experience is of no consequence here. The Fourth Circuit has previously dispensed with a similar argument in *Kirkendoll v. Apfel*, 162 F.3d 1155 (table), 1998 WL 539481, at *1 (4th Cir. 1998). There, the claimant argued that "if the ALJ chooses to refer to the claimant's past work as it is performed in the national economy she must analyze the specific demands of the job and may not rely on the exertional category denoted in

5

the [*DOT*]." *Id.* The Fourth Circuit disagreed, holding that "[a]lthough specific reference to individual job demands is required to determine whether the claimant can return to his actual past job, when the ALJ analyzes past relevant work as it is performed in the national economy, she is entitled to rely on the exertional categories found in the DOT." *Id.* (citing *DeLoatche v. Heckler*, 715 F.2d 148, 151 (4th Cir. 1983)).

Had the ALJ determined that Herschel could return to his prior job, her decision may have constituted reversible error. However, she acknowledged that Herschel previously performed the work at the "heavy" exertional level before finding that he could nonetheless perform the work "as it is generally performed." (R. 22.) The ALJ further acknowledged testimony regarding the VE's professional experience before ultimately determining that no conflict existed between the VE's testimony and the *DOT*. (*Id.*) Accordingly, the ALJ did not err in finding that Herschel may still engage in past relevant work.[4]

## 2. The magistrate judge did not err in finding that the ALJ appropriately weighed opinion evidence

Herschel next argues that the ALJ improperly weighed opinion evidence by affording partial weight to Dr. Bradley's treating opinion. (Pl. Obj. 3–5.) Although the magistrate judge already discussed Herschel's argument in depth before rejecting it in the R&R (R&R 6–9), one additional point raised in the objection deserves attention here. Specifically, Herschel contends that in rejecting Dr. Bradley's opinion, the ALJ effectively interpreted raw medical data from the records. (Pl. Obj. 3–4.)

---

[4] Herschel further argues that "[i]t is an issue, undermining an ALJ's decision, if job numbers refer to jobs that are 'rare,' 'generally unavailable,' 'seasonal,' or 'obsolete.'" (Pl. Obj. 2.) However, he has not provided any evidence that the jobs available in the national economy are so limited. His argument is based purely on speculation and is without merit. (*Id.* at 3 (arguing only that "the number of positions performed at light *may not be* significant" (emphasis added)).)

As a preliminary note, "an ALJ is under no obligation to accept any medical opinion." *Wayne B. v. Saul*, No. 7:18-CV-70, 2019 WL 3229164, at *4 (W.D. Va. June 25, 2019) (citing *Monroe v. Colvin*, 826 F.3d 176, 190–91 (4th Cir. 2016)). In fact, "if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." *Craig v. Chater*, 76 F.3d 585, 590 (4th Cir. 1996). Regardless, the ALJ must explain her decision to give a particular weight to an opinion by citing to objective evidence that provides an opportunity for meaningful review. *See Monroe v. Colvin*, 826 F.3d 176, 190–91 (4th Cir. 2016). "Where 'no medical opinion' supports the [ALJ's] RFC determination, as a 'lay person' he is 'simply not qualified to interpret raw medical data in functional terms.'" *Farrar v. Astrue*, No. 3:11cv457, 2012 WL 3113159, at *10 (E.D. Va. July 13, 2012) (quoting *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999)). "Of course, where the medical evidence shows relatively little physical impairment, an ALJ permissibly can render a commonsense judgment about functional capacity even without a physician's assessment." *Manso-Pizarro v. Sec'y Health & Human Servs.*, 76 F.3d 15, 17 (1st Cir. 1996).

Herschel finds error in the ALJ's decision where the ALJ "*sua sponte* altered Dr. Bradley's treating opinion—the *only* functional opinion of record" and instead "interpreted raw data" to develop her RFC. The court disagrees. Herschel has not indicated how the ALJ "altered" Dr. Bradley's treating opinion. In fact, in rejecting Dr. Bradley's "medical source statement," the ALJ relied on conflicting evidence found within Dr. Bradley's own medical records. For example, Dr. Bradley suggests that Herschel can infrequently use his hands for fine or gross manipulation or raise his right arm over his shoulder and that Herschel's impairments include "vertigo" and "incontinence." (R. 415.) However, as the ALJ notes, Dr. Bradley's progress notes consistently rated Herschel's "muscle power" a "5 out of 5 throughout," (R. 405,

7

409, 413). They further indicate that Herschel rarely complained of incontinence and did not include a diagnosis of vertigo. (*See generally* R. 390–413.) Progress notes provided by Dr. McPherron also support the ALJ's decision, as they indicate that Herschel's shoulder pain largely improved in 2015 and that he regained full range of motion. (R. 372–77.) Accordingly, the court finds that the ALJ appropriately weighed the evidence in the record and that her decision to afford partial weight to Dr. Bradley's opinion is supported by substantial evidence.

As to Herschel's argument that the ALJ based her RFC decision on raw data, the court again disagrees. The ALJ pointed to specific medical evidence from treatment notes detailing Herschel's medical issues and treatment. In addition to raw observations, the reports include opinions and notes from Herschel's treating physicians. To the extent the ALJ did in fact rely on raw data, she did so to make "commonsense judgments" about Herschel's lack of impairments. For example, the absence of a vertigo diagnosis in Dr. Bradley's progress notes certainly belies his contradictory medical source statement.

### 3. The ALJ did not rely on her own interpretation of raw data to find that Herschel's cervical and thoracic disc degeneration were non-severe at Step Two

Herschel again suggests the ALJ improperly interpreted raw data when she found that his cervical and thoracic disc degeneration was not severe. (Pl. Obj. 5.) This is largely a restatement of Herschel's argument before the magistrate judge, and the court agrees with the R&R's conclusion. Although the ALJ's decision includes medical jargon from progress notes, her restatement of the medical evidence was not the sole basis for her conclusion. As an example, Dr. Bradley's notes indicate that Herschel's back pain began to worsen in 2016 but further indicate that he treated the pain with "Tylenol and meloxicam with moderate relief." (R. 412.) The evidence does not otherwise indicate that Herschel's cervical and thoracic disc

degeneration was severe. Accordingly, the court finds that the ALJ's conclusion is adequately supported by substantial evidence.

### III. CONCLUSION

After a review of the record, the court concludes that the ALJ's decision is supported by substantial evidence and that the ALJ applied the correct legal standards. Accordingly, the court will overrule Herchel's objections and adopt the magistrate judge's recommendation. The court will therefore grant the Commissioner's motion for summary judgment and affirm the Commissioner's decision.

An appropriate order will be entered.

Entered: September 12, 2019.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge